IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRANDON MORRALL,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 5:24-CV-253-CAR-CHW |
| | : | |
| **WARDEN MCDANIEL,** | : | |
| | : | |
| Respondent. | : | |

_____

# ORDER

Presently pending before the Court is a petition seeking federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Brandon Morrall, an inmate in the Macon State Prison in Oglethorpe, Georgia (ECF No. 1). Petitioner challenges his 2013 conviction from the Superior Court of Bibb County, Georgia, for murder and possession of a firearm. Pet. 1, ECF No. 1. Petitioner also seeks leave to proceed *in forma pauperis* (ECF No. 2) and requests appointed counsel (ECF No. 3).

With respect to Petitioner's motion for appointed counsel, there is generally no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). At this early stage, the Court is not yet able to determine

whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's request for appointed counsel (ECF No. 3) is **DENIED**.

The Court has also reviewed Petitioner's motion to proceed *in forma pauperis* and finds it is incomplete. A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Petitioner has not filed this required information, and therefore the Court does not have sufficient information to determine whether Petitioner is entitled to proceed without prepayment of the filing fee. Petitioner is thus **ORDERED** to either pay the Court's $5.00 filing fee in full or provide the Court with this information within **FOURTEEN (14) DAY**S of the date of this Order. The Clerk is **DIRECTED** to send Petitioner the appropriate form, marked with the case number for the above-captioned case, that he should use for this purpose.

The Court recognizes that Petitioner has alleged that jail officials have not provided Petitioner with this information despite his requests. Attach. 1 to Mot. Proceed IFP 1, ECF No. 2-1. If Petitioner continues to encounter difficulty, he is instructed to show the appropriate prison official this Order when he requests assistance. If the prison official refuses to assist Petitioner, Petitioner should notify the Court of: (1) the name of the prison official from whom he requested assistance; (2) what assistance was requested; (3) the date

he made such request; and (4) the date that he was notified that the prison official would not assist him. If Petitioner receives notification in writing from the prison official regarding an inability to provide a certified copy of his prison trust fund account statement, Petitioner should provide the Court with a copy of this notification.

To reiterate, Petitioner's motion for appointed counsel (ECF No. 3) is **DENIED**, and Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit a complete and proper motion to proceed *in forma pauperis* (to include a certified copy of his trust account information), pay the $5.00 filing fee, or explain his efforts to do so. Petitioner is also advised to notify the Court in writing of any change of address. **Failure to comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 6th day of August, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge