IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANDON MORRALL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 5:24-CV-253-CAR-CHW |
| | : | |
| WARDEN MCDANIEL, | : | |
| | : | |
| Respondent. | : | |

_____

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Brandon Morrall, an inmate in the Macon State Prison in Oglethorpe, Georgia, has filed a copy of his prison trust fund account statement (ECF No. 7). Petitioner also requests the assistance of an attorney to help him prepare his federal habeas petition, and he seeks a transfer to another prison or that an "officer be posted on all post to ensure safety for [Petitioner] to work and prepare for [his] federal habeas." Trust Fund Account Statement 1, ECF No. 7. For the following reasons, it is **RECOMMENDED** that Petitioner's request for a transfer or guard be **DENIED**. Petitioner's motion for appointed counsel is again **DENIED**. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and the Court orders service on Respondent as set forth in more detail below.

   **I.   Request for Transfer or Guard**

In a letter enclosed with his Court-ordered prison trust fund account statement, Petitioner alleges that Macon State Prison is "very dangerous," primarily due to

understaffing. Trust Fund Account Statement 1, ECF No. 7. He alleges he has already been "stabbed up and beaten" by other inmates, and he requests to be transferred to another prison or have this Court order the posting of additional guards at Macon State Prison. *Id*. These requests should be denied because they are not properly brought in this habeas case.

As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). Any complaints about the conditions of Plaintiff's confinement—to include complaints about his safety at Macon State Prison—must be brought in an action pursuant to 42 U.S.C. § 1983. Such claims arise under the Eighth Amendment, and they are therefore "not cognizable under the mutually exclusive remedy of § 2254." *Daker v. Warden*, 805 F. App'x 648, 651 (11th Cir. 2020) (per curiam). It is therefore **RECOMMENDED** that Petitioner's request for a prison transfer or additional guards be **DENIED**. Petitioner may file a separate federal civil action pursuant to 42 U.S.C. § 1983 if he wishes to challenge the conditions of his confinement. The Clerk is **DIRECTED** to mail Petitioner a blank copy of the necessary forms for a § 1983 action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## II.     Motion for Appointed Counsel

Petitioner also again requests the appointment of counsel in this action. Trust Fund Account Statement 1, ECF No. 7. As was previously explained to Petitioner, there is generally no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). Plaintiff has not provided the Court with any additional facts that would indicate that appointed counsel is necessary at this time. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's request for appointed counsel is **DENIED**.

## III.    Motion to Proceed in Forma Pauperis and Order for Service

Petitioner has now filed his trust prison trust fund account statement that shows he is presently unable to prepay the $5.00 filing fee for this case. Petitioner's motion to

3

proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED.**  It is also now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination

of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED AND RECOMMENDED**, this 25th day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge