IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRANDON MORRALL,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-00253-CAR-CHW |
| | : | |
| **Warden McDANIEL,** | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## **ORDER**

Pending before the Court are several motions connected to Petitioner Brandon Morrall's federal habeas petition. (Docs. 9, 10, 11, 13, 14). For the reasons discussed below, the motions lack merit.

*Motion for Documents at Government Expense (Doc. 9)*

Petitioner submitted a form which requests that the Respondent provide copies of his state criminal case documents free of charge. (Doc. 9). The Court is without authority to order such documents, Petitioner's *in formal pauperis* status does not entitle him to documents at no charge, and discovery has not been permitted in this case. For these reasons, Petitioner's motion for documents at government expense (Doc. 9) is **DENIED**.

*Motions to Appoint Counsel (Docs. 10, 13)*

Petitioner again seeks the appointment of counsel to assist him in this petition, which challenges his 2013 convictions in the Superior Court of Bibb County. (Docs. 10, 13). As has been previously explained to Petitioner (Doc. 8), no constitutional right to counsel exists in Section 2254 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d

1

1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner suggests that he requires counsel because he is unable to litigate the complex matters of this case. Petitioner also argues that he will need help with discovery and subpoenaing witnesses to a hearing. However, the docket reflects that Petitioner has been able to file several documents in this case. Discovery has not been permitted at this time, and no hearing is set. Petitioner has not demonstrated that the interests of justice require the appointment of counsel. Accordingly, his motions for appointment of counsel (Docs. 10, 13) are **DENIED**.

Should it later become apparent to the Court that legal assistance is required to avoid prejudice to Petitioner's rights, then the Court, **on its own motion**, will assist Petitioner in securing counsel at that time.

*Motion for Leave to Proceed in Forma Pauperis (Doc. 11)*

Petitioner filed another motion to proceed *in forma pauperis*. (Doc. 11). The Court has granted Petitioner's earlier motion to proceed *in forma pauperis* (Docs. 2, 8), therefore the current motion (Doc. 11) is moot and is **DISMISSED**.

*Motion for Evidentiary Hearing (Doc. 14)*

Petitioner requests an evidentiary hearing because the record is incomplete and he was not afforded a fair and full hearing on his state habeas. (Doc. 14). While these matters may be reasons for the Court to schedule an evidentiary hearing, Petitioner's request is premature. Respondent still has time to answer the petition or file a motion to

2

3

dismiss. *See* (Doc. 8, p. 4). Typically, a respondent provides trial court records in support of his response. These records help to inform the Court whether an evidentiary hearing is necessary. The Court will review the records once the Respondent has answered the petition to determine if an evidentiary hearing is needed. For these reasons, Petitioner's motion for evidentiary hearing (Doc. 14) is **DENIED as premature**.

**SO ORDERED**, this 6th day of November, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge