IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRANDON MORRALL,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-00253-CAR-CHW |
| | : | |
| Warden McDANIEL, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## ORDER

Pending before the Court are several motions connected to Petitioner Brandon Morrall's federal habeas petition. For the reasons that follow, Petitioner's motions for discovery (Doc. 16), for an evidentiary hearing (Doc. 17), and for appointed counsel (Doc. 25) are **DENIED**, and the motion to amend (Doc. 26) is **GRANTED**.

*Motion for Discovery (Doc. 16)*

Petitioner filed a motion for a discovery seeking in part to obtain an affidavit or other admissible testimony from a witness. (Doc. 16). Unlike ordinary civil litigants, habeas petitioners are not entitled to discovery as a matter of course. *See Crawford v. Head*, 311 F.3d 1288, 1328 (11th Cir. 2002) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rather, discovery is available only for "good cause," and only after the party requesting discovery provides reasons for the request and specifies any requested documents, proposed interrogatories, or requests for admission. Rule 6 of the Rules Governing Section 2254 Cases. Upon review of the motion and preliminarily review of the certified record

provided by Respondent (Doc. 31), there is no good cause to order discovery at this time. The motion for discovery (Doc. 16) is **DENIED**.

*Motion for Evidentiary Hearing (Doc. 17)*

Petitioner requests an evidentiary hearing in this matter because he believes the record from his previous post-conviction challenges is incomplete and contends that he needs the testimony of a witness to support his petition. (Doc. 17) His previous request for a hearing was denied as premature. (Docs. 14, 15). In accordance with Rule 8 of the Rules Governing Section 2254 Cases, the Court will, **on its own**, review both parties' filings along with any transcripts and state-court records and other materials in determining whether to hold an evidentiary hearing. Consequently, there is no need for Petitioner to request such a review. Petitioner's motion for evidentiary hearing (Doc. 17) is **DENIED.**

*Motion to Appoint Counsel (Doc. 25)*

Petitioner now moves for appointed counsel for the fourth time. (Doc. 25); *see* (Docs. 3, 10, 13). For the reasons previously explained (Docs. 8, 15), the motion (Doc. 25) is **DENIED**.

Should it later become apparent to the Court that legal assistance is required to avoid prejudice to Petitioner's rights, then the Court, **on its own motion**, will assist Petitioner in securing counsel at that time.

*Motion for Leave to Amend (Doc. 26)*

Respondent previously filed a motion to dismiss the habeas petition as untimely. (Doc. 22). The Court provided notice to Petitioner to respond to the motion. (Doc. 24). In response to the motion to dismiss, Petitioner moved to amend or supplement his petition to

show that he had filed an extraordinary motion for new trial in the trial court. (Doc. 26). For purposes of the record, Petitioner's motion to amend (Doc. 26) is **GRANTED**. Upon confirming that Petitioner had filed an extraordinary motion for new trial, Respondent withdrew the motion to dismiss. (Doc. 29). Respondent has now answered, and the habeas petition will be decided on the merits.

    **SO ORDERED**, this 10th day of February, 2025.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge