IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRANDON MORRALL,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-00253-CAR-CHW |
| | : | |
| Warden SALES, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

# ORDER

Pending before the Court are three motions connected to Petitioner Brandon Morrall's federal petition for writ of habeas corpus. For the reasons that follow, Petitioner's motion to dismiss Respondent's amended answer (Doc. 33), motion for appointed counsel (Doc. 34), and motion for hearing (Doc. 35) are **DENIED**.

*Motion to Dismiss (Doc. 33)*

Petitioner has filed a motion to dismiss Respondent's amended answer. (Docs. 30, 33). He argues that because Respondent missed two deadlines and withdrew a motion for dismissal, Respondent's time for answering has expired and Respondent's amended answer should be dismissed and the habeas petition considered unopposed. (Doc. 30). Petitioner's arguments are misplaced for several reasons. First, there is no evidence that Respondent received the first order for response. (Doc. 8); *see also* (Doc. 22-1, p. 3, n. 2). Second, regardless of the reason for the passing of the first deadline, Respondent's failure to answer would not have entitled to Petitioner to habeas relief. Defaults are not available in habeas cases. *See* (Doc. 18). Third, and directly contrary to Petitioner's argument (Doc. 33, ¶¶ 2,

6), Respondent did not fail to respond as directed by the Court's second order for response. (Doc. 18). As directed, Respondent answered the petition (Doc. 21) *and* moved to dismiss the petition as untimely (Doc. 22) on January 3, 2025. Respondent's subsequent withdrawal of the motion to dismiss did not negate his timely filed answer. Moreover, Respondent acted properly, once discovering that his position was no longer supported, in moving to withdraw the motion to dismiss and amending his answer so that the case may proceed on its merits.

Respondent has timely answered the petition, and there is no basis to dismiss the amended answer as Petitioner requests. Petitioner's motion to dismiss (Doc. 33) is **DENIED**.

*Motion to Appoint Counsel (Doc. 34)*

Petitioner now moves for appointed counsel for the fifth time. (Doc. 34); *see* (Docs. 3, 10, 13, 25). For the reasons previously explained (Docs. 8, 15, 32), the motion (Doc. 34) is **DENIED**. Should it later become apparent to the Court that legal assistance is required to avoid prejudice to Petitioner's rights, then the Court, **on its own motion**, will assist Petitioner in securing counsel at that time.

*Motion for Evidentiary Hearing (Doc. 35)*

Petitioner again requests an evidentiary hearing in this matter. (Doc. 35). As previously explained (Doc. 32), in accordance with Rule 8 of the Rules Governing Section 2254 Cases, the Court will, **on its own**, review both parties' filings along with any transcripts and state-court records and other materials in determining whether to hold an

evidentiary hearing. Consequently, there is no need for Petitioner to request such a review. Petitioner's motion for hearing (Doc. 35) is **DENIED.**

    **SO ORDERED**, this 25th day of February, 2025.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge